UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| William Barrett,<br>655 Twelve Oaks Drive<br>Adamsville, TN  38310<br><br>Leah Barrett,<br>655 Twelve Oaks Drive<br>Adamsville, TN  38310<br><br>    Plaintiffs,<br><br>v.<br><br>Green Tree Servicing LLC,<br>c/o CT Corporation System<br>1300 East 9th Street<br>Cleveland, OH 44114<br><br>    Defendant. | Case No.:  3:14-cv-297<br><br>Judge: |

**COMPLAINT FOR MONEY DAMAGES AND OTHER RELIEF**

**JURY DEMAND ENDORSED HEREIN**

The following allegations are based upon Plaintiffs William and Leah Barrett's (the "Barretts") personal knowledge, the investigation of counsel, and information and belief.  The Barretts, through counsel, allege as follows:

**I.     PRELIMINARY STATEMENT**

1. The Barretts institute this action for actual damages, statutory damages, attorney fees, and the costs of this action against Defendant Green Tree Servicing, LLC ("Green Tree") for violations of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601 *et seq*. and its implementing regulation, Regulation X, at 12 C.F.R. § 1024.41(b)(2).

1

## II. JURISDICTION

2. The Barretts incorporate all other paragraphs in this Complaint by reference as though fully written here.

3. This Court has jurisdiction pursuant to RESPA, 12 U.S.C. § 2614 and 28 U.S.C. §§ 1331 and 1337.

4. This Court has personal jurisdiction over Defendant Green Tree pursuant to Fed.R.Civ.P. 4(k).

## III. PARTIES

5. Plaintiffs incorporate all other paragraphs in this Complaint by reference as though fully written here.

6. Plaintiff William Barrett is a natural person currently residing at 655 Twelve Oaks Drive, Adamsville, Tennessee, 38310.

7. Plaintiff William Barrett was and is a **person** within the meaning of RESPA at 12 U.S.C. § 2602(5) at all times relevant to this allegations herein.

8. Plaintiff Leah Barrett is a natural person currently residing at 655 Twelve Oaks Drive, Adamsville, Tennessee, 38310.

9. Plaintiff Leah Barrett was and is a **person** within the meaning of RESPA at 12 U.S.C. § 2602(5) at all times relevant to the allegations herein.

10. At all times relevant to this transaction, the Barretts were and are the owners of a property located within this Court's jurisdiction at 1012 Windpointe Way, Englewood, Ohio, 45322.

11. Defendant Green Tree is a company organized in the State of Delaware with its principal place of business in Minnesota.

12. Defendant Green Tree was and is a **person** within the meaning of RESPA at 12 U.S.C. § 2602(5) at all times relevant to the allegations herein.

13. Defendant Green Tree was and is a **loan servicer** of the Barretts' **federally related mortgage loan** within the meaning of RESPA at 12 U.S.C. §§ 2605(i)(2) and 2602(1), respectfully, at all times relevant to the allegations herein.

**IV.   FACTUAL ALLEGATIONS**

14. The Barretts incorporate all other paragraphs in this Complaint by reference as though fully written here.

15. On or around December 27, 2013, GMAC Mortgage, LLC ("GMAC"), filed a Complaint in foreclosure against the Barretts in the Court of Common Pleas of Montgomery County, Ohio (the "Foreclosure Action").

16. At the time the Complaint was filed in the Foreclosure Action, GMAC and its agents were represented by the law firm of Lerner, Sampson & Rothfuss.

17. On or around February 28, 2014, counsel for the Barretts contacted GMAC's counsel to request a loss mitigation application, or a list of the information that GMAC's servicer needed to evaluate the Barretts' loss mitigation options, pursuant to 12 C.F.R. § 1024.41(b)(1).

18. On or around February 28, 2014, counsel for GMAC provided the Barretts, through counsel, with an application from Defendant Green Tree by which Green Tree could evaluate the Barretts' loss mitigation options, pursuant to 12 C.F.R. § 1024.41(b)(1).

19. On or around May 19, 2014 the Barretts, through counsel, submitted to GMAC's counsel the completed loss mitigation application provided by Defendant Green Tree.

A copy of this correspondence, including the completed loss mitigation application, is attached hereto as Exhibit A.

20. At the time the Barretts submitted their loss mitigation application, Defendant Green Tree was the servicer of the Barretts' mortgage loan

21. As the Barretts and their counsel were aware that GMAC was represented by counsel, the Barretts' counsel had a duty to communicate only through counsel, and not directly with GMAC or its servicer, Green Tree.

22. GMAC's counsel accepted the Barretts' loss mitigation application on behalf of Green Tree on May 19, 2014.

23. GMAC's counsel did not indicate that it was rejecting the Barretts' loss mitigation application, or that it would not submit the application to Green Tree.

24. At the time the Barretts submitted their loss mitigation application, no foreclosure sale of the Barretts' property had been scheduled.

25. Defendant Green Tree never notified the Barretts in writing acknowledging its receipt of the loss mitigation application.

26. Defendant Green Tree never notified the Barretts in writing that it determined that the loss mitigation application was either complete or incomplete.

27. Upon information and belief, upon receiving the loss mitigation application, Green Tree did not review the loss mitigation application to determine if it was complete.

28. In July of 2014, Cooke Demers, LLC was substituted as counsel for GMAC in the Foreclosure Action.

29. On or around July 17, 2014 and July 28, 2014, counsel for the Barretts contacted GMAC's new counsel to check on the status of the Barretts' loss mitigation application.

30. On or around August 1, 2014, counsel for GMAC indicated that Defendant Green Tree was never provided with the Barretts' loss mitigation application. A copy of this correspondence is attached hereto as Exhibit B.

31. Green Tree failed to properly handle the Barretts' loss mitigation application as required by Regulation X.

32. As a result of Green Tree failing to acknowledge receipt and determine the completeness of the Barretts' loss mitigation application, the Barretts have been prevented from having their loss mitigation options analyzed.

33. As a result of Green Tree failing to properly handle the Barretts' loss mitigation application, the Barretts have incurred, and are continuing to incur, damages in the form of additional fees, charges, and interest applied to their mortgage loan account.

**V.     FIRST COUNT - RESPA**

34. The Barretts incorporate all other paragraphs in this Complaint by reference as though fully written here.

35. By failing to review the Barretts' loss mitigation application to determine if the application was complete, Defendant Green Tree violated Regulation X, the regulation implementing RESPA, at 12 C.F.R. § 1024.41(b)(2)(i)(A).

36. By failing to notify the Barretts in writing that it received their loss mitigation application and that it determined whether the application was complete or

incomplete, Defendant Green Tree is violated Regulation X, the regulation implementing RESPA, at 12 C.F.R. § 1024.41(b)(2)(i)(B).

37. As a result of Green Tree's RESPA violations, the Barretts have incurred damages in the form of additional fees, charges, and interest applied to their mortgage loan account, in an amount not yet ascertainable but to be determined at trial.

38. The Barretts have incurred the cost of counsel preparing and sending their loss mitigation application to Green Tree, which costs were for naught as a result of Green Tree's failure to comply with RESPA.

39. As a result of Green Tree's failure to comply with RESPA, the Barretts have suffered emotional distress in the form of anxiety and distress, including fears that Green Tree was not considering them for loss mitigation options as they had been led to believe, and that the prolonged consideration for loss mitigation was resulting in additional fees, charges, and interest being added to their account.

40. Green Tree has engaged in a pattern or practice of noncompliance with RESPA by, at least:

    a. Failing to review the Barretts' loss mitigation application to determine if it was complete;

    b. Failing to notify the Barretts in writing acknowledging receipt of their loss mitigation application; and

    c. Failing to notify the Barretts in writing that it has determined that the loss mitigation application is either complete or incomplete.

41. Upon information and belief, Green Tree engages in a pattern or practice of noncompliance with RESPA by failing to properly handle loss mitigation applications it receives from other borrowers.

42. Due to these violations, Green Tree is liable to the Barretts in the amount of their actual damages, the maximum statutory damages available in the amount of at least $2,000 for each failure to comply with RESPA, attorney fees, and the costs of this action, including pursuant to 12 C.F.R. § 1024.41(a) and 12 U.S.C. § 2605(f).

## VI. PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs respectfully pray that this Court:

43. Assume jurisdiction of this case;

44. Award Plaintiffs the maximum actual economic and non-economic damages available, to be established at trial, including pursuant to 12 U.S.C. § 2605;

45. Award Plaintiffs the maximum statutory damages available, in the amount of at least $2,000 for each failure to comply with RESPA, plus attorneys' fees and the costs of this action, including pursuant to 12 U.S.C. § 2605(f).

46. Award Plaintiffs such other relief as the Court deems appropriate.

Dated this 5th day of September, 2014.

                                         Respectfully Submitted,
                                         DOUCET & ASSOCIATES, CO, L.P.A.

                                         *s/ Joshua T. Williams*
                                         Troy J. Doucet, Trial Counsel (0086350)
                                         Joshua T. Williams (0090559)
                                         *Attorney for Plaintiffs William and Leah Barrett*
                                         700 Stonehenge Parkway, Suite 2B
                                         Dublin, OH 43017
                                         (614) 944-5219 PH
                                         (818) 638-5548 FAX
                                         Troy@TroyDoucet.com
                                         Joshua@TroyDoucet.com

## JURY TRIAL DEMANDED

The Plaintiffs respectfully request a jury trial on all triable issues.

                                         Respectfully Submitted,
                                         DOUCET & ASSOCIATES, CO, L.P.A.

                                         *s/ Joshua T. Williams*
                                         Troy J. Doucet, Trial Counsel (0086350)
                                         Joshua T. Williams (0090559)
                                         *Attorney for Plaintiffs William and Leah Barrett*
                                         700 Stonehenge Parkway, Suite 2B
                                         Dublin, OH 43017
                                         (614) 944-5219 PH
                                         (818) 638-5548 FAX
                                         Troy@TroyDoucet.com
                                         Joshua@TroyDoucet.com