IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

WILLIAM BARRETT, *et al.*,      :

        Plaintiffs,

    v.      :      Case No. 3:14-cv-297

                           JUDGE WALTER H. RICE

GREEN TREE SERVICING, LLC,

        Defendant.      :

---

DECISION AND ENTRY OVERRULING DEFENDANT GREEN TREE
SERVICING LLC'S MOTION TO DISMISS (DOC. #3)

---

Plaintiffs, William and Leah Barrett, filed suit against Defendant, Green Tree Servicing LLC ("Green Tree"), alleging violations of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601 *et seq.* This matter is currently before the Court on Green Tree's Motion to Dismiss, Doc. #3, pursuant to Federal Rule of Civil Procedure 12(b)(6).

I.      **Background and Procedural History**

William and Leah Barrett own a house located in Englewood, Ohio. It was their primary residence until March of 2009, when they moved to Nevada as the result of a job transfer. Their mortgage loan on the Englewood house is financed through GMAC Mortgage, LLC, and serviced by Defendant Green Tree.

According to the Complaint, GMAC Mortgage, LLC, filed a foreclosure action against the Barretts on December 27, 2013. On February 28, 2014, at the request of Barretts' attorney, GMAC provided a loss mitigation application from Green Tree. The Barretts submitted the completed application on May 19, 2014. Green Tree, however, failed to send a written acknowledgement of receipt of the application, and failed to notify the Barretts in writing that it had determined that the application was either complete or incomplete. On August 1, 2014, when Barretts' attorney called to check on the status of the loss mitigation application, he was informed that Green Tree never received it. This has resulted in additional fees, charges, and interest being applied to the Barretts' mortgage loan account.

The Barretts filed suit against Green Tree on September 5, 2014, alleging violations of RESPA regulations, 12 C.F.R. § 1024.41(b)(2), and seeking damages, attorneys' fees and costs. Pursuant to Federal Rule of Civil Procedure 12(b)(6), Green Tree has filed a motion to dismiss for failure to state a claim upon which relief can be granted, arguing that RESPA is inapplicable to the mortgage loan at issue because the property is no longer the Barretts' primary residence.

## II.    12(b)(6) Standard

Federal Rule of Civil Procedure 8(a) provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The complaint must provide the defendant with "fair notice of what the

2

. . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

Federal Rule of Civil Procedure 12(b)(6) allows a party to move for dismissal of a complaint on the basis that it "fail[s] to state a claim upon which relief can be granted." The moving party bears the burden of showing that the opposing party has failed to adequately state a claim for relief. *DirecTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007) (citing *Carver v. Bunch*, 946 F.2d 451, 454-55 (6th Cir. 1991)). The purpose of a motion to dismiss under Rule 12(b)(6) "is to allow a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true." *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993). In ruling on a 12(b)(6) motion, a court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Handy-Clay v. City of Memphis,* 695 F.3d 531, 538 (6th Cir. 2012) (quoting *Treesh*, 487 F.3d at 476).

Nevertheless, to survive a motion to dismiss under Rule 12(b)(6), the complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Unless the facts alleged show that the plaintiff's claim crosses "the line from conceivable to plausible, [the] complaint must be dismissed." *Id.* Although this standard does not require "detailed factual allegations," it does require more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Id.* at 555. "Rule 8 . . . does not

3

unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).  Legal conclusions "must be supported by factual allegations" that give rise to an inference that the defendant is, in fact, liable for the misconduct alleged. *Id*. at 679.

### III.    Analysis

Except for certain exemptions enumerated by statute, RESPA applies to "all federally related mortgage loans."  12 C.F.R. § 1024.5(a).  Defendant argues that Plaintiffs' Complaint is subject to dismissal because RESPA "does not apply to credit transactions involving extensions of credit . . . primarily for business, commercial, or agricultural purposes."  12 U.S.C. § 2606(a).  Courts have interpreted mortgage loans on non-owner-occupied rental properties to fall within this exemption. *See Johnson v. Wells Fargo Home Mortg., Inc.*, 635 F.3d 401, 417 (9th Cir. 2011); *Henok v. Chase Home Fin., LLC*, 947 F. Supp. 2d 6, 7 (D.D.C. 2013); *Daniels v. SCME Mortg. Bankers, Inc.*, 680 F. Supp. 2d 1126, 1131 (C.D. Cal. 2010).

Defendant notes that the Barretts' loss mitigation application, attached as an exhibit to the Complaint, indicates that the property at issue "was" previously the Barretts' primary residence, but due to a military permanent change of station in March of 2009, they no longer lived there, and the property was vacant.  Doc. #1-

4

1, PageID##10-12.[1]  The alleged RESPA violations did not take place until 2014, more than five years after the Barretts moved out.

Defendant argues that because the Barretts cannot show that the property was still being used for personal, family or household purposes at the time of the alleged RESPA violations, RESPA does not apply.  In support of this argument, Defendant relies solely on *Edwards v. Ocwen Loan Servicing, LLC*, -- F. Supp. 2d – , 2014 WL 861996 (D.D.C. 2014).  This Court, of course, is not bound by *Edwards*, but even if it were, Defendant's reliance on *Edwards* is misplaced.

In *Edwards*, the mortgage loan at issue was used to refinance debt on a non-owner-occupied home.  The owner filed suit against the loan servicer, alleging numerous RESPA violations related to the alleged mishandling of her loan in connection with an allegedly wrongful foreclosure action.  The court dismissed the RESPA claims for failure to state a claim upon which relief can be granted.  It held that, although the complaint alleged that the loan was for "personal, family or household purposes," and that plaintiff occupied the property, documents attached to the complaint made it clear that, on the date the loan was made, she did not live there, nor did she intend to do so.  Because the property was a non-owner-occupied rental property, it fell outside the scope of RESPA.  *Id.* at *2-3.

---

[1]  As a general rule, in resolving a motion to dismiss under Rule 12(b)(6), the court may look only to the allegations in the complaint.  However, "[a] copy of a written instrument that is an exhibit to a pleading is a part of the pleadings for all purposes."  Fed. R. Civ. P. 10(c).

Contrary to Defendant's view, *Edwards* does not stand for the proposition that the purpose for which the property is being used on the date of the alleged RESPA violations dictates whether the exemption applies. The loan at issue in *Edwards never* fell within the scope of RESPA; from its inception, the extension of credit was "primarily for business, commercial, or agricultural purposes." Therefore, regardless of when the alleged RESPA violations took place, the RESPA claims were subject to dismissal.

In determining whether the loan at issue is subject to the requirements of RESPA, the relevant question is the purpose for which the mortgage loan was made. *See Smith v. Russellville Prod. Credit Ass'n*, 777 F.2d 1544, 1549 (11th Cir. 1985).[2] Here, the Barretts obtained the loan to purchase property that they occupied as their primary residence for several years before they were transferred to another state. Because the "federally related mortgage loan" did not involve a "credit transaction involving extensions of credit . . . primarily for business, commercial, or agricultural purposes," 12 U.S.C. § 2606(a)(1), it is subject to RESPA's requirements. It is irrelevant that the alleged RESPA violations occurred after the Barretts vacated the property.

---

[2] *Smith* dealt with the question of whether a particular loan was exempt from requirements of the Truth-in-Lending Act ("TILA"), 15 U.S.C. § 1605. Nevertheless, in evaluating "the exemption for credit transactions involving extensions of credit primarily for business, commercial, or agricultural purposes," the same standard applies to RESPA and TILA. *See* 12 U.S.C. § 2606(b).

Accordingly, the Court OVERRULES Defendant Green Tree Servicing LLC's Motion to Dismiss for failure to state a claim upon which relief can be granted. Doc. #3.

Date: December 2, 2014

WALTER H. RICE
UNITED STATES DISTRICT JUDGE