UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

WILLIAM J. BARRETT, *et al.*,

    Plaintiffs,

vs.

GREEN TREE SERVICING, LLC,

    Defendant.

Case No. 3:14-cv-297

Magistrate Judge Michael J. Newman
(Consent Case)

---

**DECISION AND ENTRY DENYING PLAINTIFFS' MOTION FOR ATTORNEY'S FEES (DOC. 17) WITHOUT PREJUDICE TO REFILING WITHIN 30 DAYS FROM THE ENTRY OF THIS ORDER**

---

This civil case is before the Court on Plaintiffs' motion for attorney's fees and costs. Doc. 17. Defendant filed a memorandum in opposition to Plaintiffs' motion. Doc. 20. Thereafter, Plaintiffs filed a reply. Doc. 22. The Court has carefully considered all of the foregoing documents, and the motion for attorney's fees and costs is now ripe.

**I.**

Plaintiffs William and Leah Barrett own a house located in Englewood, Ohio. *See Barrett v. Green Tree Servicing, LLC*, No. 3:14-CV-297, 2014 WL 6809203, at *1 (S.D. Ohio Dec. 2, 2014). The Englewood home was their primary residence until March of 2009, when they moved to Nevada as the result of a job transfer. *Id*. Their mortgage loan on the Englewood house is financed through GMAC Mortgage, LLC ("GMAC"), and serviced by Defendant Green Tree Servicing, LLC. *Id*. In December 2013, GMAC filed a foreclosure action against Plaintiffs. *Id*. On February 28, 2014, at the request of Plaintiffs' attorney, GMAC provided a loss mitigation application from Defendant, which Plaintiffs completed and submitted on May 19, 2014 to GMAC's attorney. *Id*. Plaintiffs allege that Defendant never acknowledged receipt of the application and never notified them whether

or not the application was complete. *Id*. On August 1, 2014, when Plaintiffs' attorney called to check on the status of the loss mitigation application, he was informed that Defendant never received it. *Id*. As a result of Defendant's alleged failure to process and consider their application, Plaintiffs allege loss arising from additional fees, charges, and interest being applied to their mortgage loan account. *Id*.

On September 5, 2015, Plaintiffs filed suit against Defendant alleging violations of the Real Estate Settlement Procedures Act ("RESPA") and its regulations, 12 C.F.R. § 1024.41(b)(2). Doc. 1. They sought damages, attorney's fees and costs. *Id*. Following the Court's denial of Defendant's motion to dismiss (docs. 3, 10), the parties entered into a private settlement agreement whereby Defendant would pay Plaintiffs damages in the amount of $1,000.00 and submit the issue of attorney's fees and costs to the Court for determination. *See* Doc. 17 at PageID 85. The parties subsequently consented to the undersigned for final determination of the attorney's fees issue. *See* doc. 16.

**II**.

RESPA allows recovery of reasonable costs and attorney's fees following "any successful action" under the Act. 12 U.S.C. § 2605(f)(3). Courts have interpreted this language to permit reasonable attorney's fees to the "prevailing party." *See In re Nosek*, No. 02-46025 JBR, 2006 WL 2700792, at *3 (Bankr. D. Mass. Sept. 19, 2006). "'Prevailing party' is a legal term of art designating 'one who has been awarded some relief by the court[.]" *Binta B. ex rel. S.A. v. Gordon*, 710 F.3d 608, 620 (6th Cir. 2013) (citing *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health and Human Res.*, 532 U.S. 598, 603 (2001)); *see also Bridgeport Music, Inc. v. London Music, U.K.*, 226 F. App'x 491, 493 (6th Cir. 2007) (stating that "only a party that has secured a judgment on the merits or a court-ordered consent decree is 'prevailing' within the meaning of the various federal fee-shifting statutes to use that term"); *Andretti v. Borla Performance Indus., Inc.*,

2

426 F.3d 824, 835 (6th Cir. 2005) (stating that "for a party to be 'prevailing there must be a 'judicially sanctioned change in the legal relationship of the parties'").

To determine reasonable attorney's fees, "[i]t is well settled that the 'lodestar' approach is the proper method[.]" *Bldg. Serv. Local 47 Cleaning Contractors Pension Plan v. Grandview Raceway*, 46 F.3d 1392, 1401 (6th Cir. 1995) (citations omitted). 'In applying the lodestar approach, '[t]he most useful starting point . . . is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate.'" *Id.* (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). A "strong presumption" exists "that this lodestar figure represents a reasonable fee." *Id.* (citations omitted). Nevertheless, the Court may adjust the lodestar amount "upward or downward" in finally determining the appropriate fee. *Id.* The Court can adjust the lodestar figure based upon consideration of any of the following factors:

> (1) the time and labor required; (2) the novelty and difficulty of the question; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorney; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Geier v. Sundquist*, 372 F.3d 784, 792 (6th Cir. 2004).

### III.

According to Plaintiffs, when the parties settled their claims, they agreed to leave the "issue of reasonable legal fees to be determined by the Court." Doc. 17 at PageID 85. Plaintiffs now seek attorney's fees in the amount of $12,372.85. *See id.* at PageID 86. Defendant opposes the request setting forth two arguments: (1) the amount of fees requested is unreasonable because Plaintiffs delayed resolution of this case; and (2) the amount of fees requested far exceeds the result achieved by Plaintiffs' counsel. *See* doc. 20 at PageID 292-93. Notably, Defendant makes no argument as to:

(1) whether Plaintiffs are, in fact, a prevailing party; or (2) the reasonableness of the hourly rate.[1] Accordingly, for the purposes of this motion, Defendant may have waived such arguments.

With regard to the arguments actually advanced, the Court finds no merit to them.  First, with regard to the issue of Plaintiffs' delay, the Court's review of the timesheets submitted by Plaintiffs reveal the tasks typically performed in all litigation -- such as pre-litigation research, drafting of the pleadings, participation in Court conferences, preparation of discovery requests, and drafting memoranda for the Court.  *See* doc. 17-3.  In fact, a substantial amount of the time billed by Plaintiffs' attorneys was for preparing a memorandum in opposition to Defendant's motion to dismiss.  *See id.* at PageID 105-06.  Further, the Court's review of the record and the timesheets submitted (doc. 17-3) reveals no "bad faith tactics, or . . . any indefensible judgments about how to proceed in their case, which unduly multiplied proceedings and their cost."  *See Wells v. Corp. Accounts Receivable*, 683 F. Supp. 2d 600, 602 (W.D. Mich. 2010).

Second, with regard to the result achieved, the fact that Plaintiffs recovered only $1,000 via settlement does not, in and of itself, merit a reduction in the amount of fees to be awarded.  Courts generally recognize that:

> It would not be surprising, in a statutory fee-shifting case, for an attorneys' fee award to exceed the plaintiff's monetary recovery; the very purpose of statutory fee-shifting provisions is to advance the public interest served by the statutes in question, by providing incentives to attorneys to take on cases that otherwise would not generate income. In other words, in a statutory fee-shifting case, "if a plaintiff could have recovered only a one-thousand dollar verdict by virtue of one-hundred-thousand dollars worth of legal work, full

---

[1] The Court does have concerns about the reasonableness of the hourly rates advanced by Plaintiffs' attorneys.  The timesheet submitted in conjunction with the motion for attorneys' fees shows that Attorney Doucet billed at hourly rates of $295 and $365 per hour.  *See* doc. 17-3 at PageID 105-07.  However, the fee agreement presented to the Court represents that Mr. Doucet's agreed hourly rate with Plaintiffs was $195.  *See* doc. 17-2 at PageID 96.  Further, if Mr. Doucet's hourly rate was $195, the Court also has concerns about the reasonableness of Mr. Snyder's $225 hourly rate in light of his experience in comparison to that of Mr. Doucet.  *See* doc. 17-4 at PageID 112-14.  Based on the foregoing, the undersigned is inclined to reduce the hourly rates of both Mr. Doucet and Mr. Snyder to $195 per hour, which would reduce the lodestar amount to $10,680.35.

compensation requires that those fees be shifted, regardless of their magnitude relative to the verdict."

*Roger E. Herst Revocable Trust v. Blinds to Go (U.S.) Inc.*, No. CIV.A. ELH-10-3226, 2011 WL 6444980, at *10 (D. Md. Dec. 20, 2011) (citation omitted). Defendant points to no other reason why the lodestar amount should be reduced, and the Court finds none.

## IV.

While the Court would be inclined to award Plaintiffs attorney's fees in the lodestar amount discussed *supra* if they are deemed prevailing parties, the issue of whether Plaintiffs are, in fact, "prevailing parties" under the law has not been detailed by the parties in their briefing. *See Harris v. Jacobs Marsh, LLC*, No. 12-CV-356, 2016 WL 1584018, at *1-4 (W.D.N.Y. Mar. 21, 2016). Accordingly, at this time, the Court **DENIES** Plaintiffs' motion for attorney's fees (doc. 17) **WITHOUT PREJUDICE** to refiling. Should the parties not resolve the attorney's fees issue amongst themselves, and should Plaintiffs resubmit a motion for attorney's fees -- which the undersigned hereby **GRANTS** Plaintiffs leave to do within 30 days of this Order -- the parties are **ORDERED** to brief the issue as to whether, in light of the settlement agreement, Plaintiffs are "prevailing parties" entitled to an award of attorney's fees. Should the parties resolve the issue of attorney's fees amongst themselves, they shall advise the Court immediately.

IT IS SO ORDERED.

Date:  May 4, 2016                              *s/ Michael J. Newman*
                                                Michael J. Newman
                                                United States Magistrate Judge