UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

WILLIAM J. BARRETT, *et al.*,

    Plaintiffs,

vs.

GREEN TREE SERVICING,

    Defendant.

Case No. 3:14-cv-297

Magistrate Judge Michael J. Newman
(Consent As to Attorney's Fees)

_____

**DECISION AND ENTRY: (1) GRANTING PLAINTIFF'S MOTION FOR ATTORNEYS' FEES (DOC. 25); AND (2) AWARDING ATTORNEY'S FEES IN THE AMOUNT OF $12,811.50**
_____

    This civil case is before the Court on Plaintiffs' motion for attorney's fees. Doc. 25. Defendant filed a memorandum in opposition to Plaintiffs' motion. Doc. 26. Thereafter, Plaintiffs filed a reply. Doc. 27. The Court has carefully considered all of the foregoing, and the motion is now ripe for decision.

**I.**

    Plaintiffs William and Leah Barrett own a house in Englewood, Ohio. *See Barrett v. Green Tree Servicing, LLC*, No. 3:14-CV-297, 2014 WL 6809203, at *1 (S.D. Ohio Dec. 2, 2014). The Englewood home was their primary residence until March of 2009, when they moved to Nevada as the result of a job transfer. *Id*. Their mortgage loan on the Englewood house is financed through GMAC Mortgage, LLC ("GMAC"), and serviced by Defendant Green Tree Servicing, LLC. *Id*. In December 2013, GMAC filed a foreclosure action against Plaintiffs. *Id*. On February 28, 2014, at the request of Plaintiffs' attorney, GMAC provided a loss mitigation application from Defendant, which Plaintiffs completed and submitted on May 19, 2014 to GMAC's attorney. *Id*. Plaintiffs allege that Defendant never acknowledged receipt of the application and never notified them whether or not the application was complete. *Id*. On August 1, 2014, when Plaintiffs' attorney called to

check on the status of the loss mitigation application, he was informed that Defendant never received it. *Id*. As a result of Defendant's alleged failure to process and consider their application, Plaintiffs allege loss arising from additional fees, charges, and interest being applied to their mortgage loan account. *Id*.

On September 5, 2015, Plaintiffs filed suit against Defendant alleging violations of the Real Estate Settlement Procedures Act ("RESPA") and the applicable regulation, 12 C.F.R. § 1024.41(b)(2). Doc. 1. They sought damages, attorney's fees and costs. *Id*. Following the Court's denial of Defendant's motion to dismiss (docs. 3, 10), the parties entered into a settlement agreement whereby Defendant would pay Plaintiffs damages in the amount of $1,000.00, as well as attorney's fees in an amount to be determined by the Court. *See* doc. 17 at PageID 85; doc. 25 at PageID344. The parties subsequently consented to the undersigned for final determination of the attorney's fees issue. *See* doc. 16.

Thereafter, Plaintiffs' moved for an award of attorney's fees. Doc. 20. Defendant filed a memorandum in opposition to Plaintiffs' motion. Doc. 20. In that opposition, Defendant never contested that Plaintiffs were "prevailing parties" in this case or challenged Plaintiffs' counsels' requested hourly rates. *Id*. Instead, Defendant opposed the motion by arguing that: (1) the amount of fees requested is unreasonable because Plaintiffs delayed resolution of this case; and (2) the amount of fees requested far exceeds the result achieved by Plaintiffs' counsel. *See* doc. 20 at PageID 292-93. The undersigned, troubled by the lack of argument concerning Plaintiffs' purported "prevailing party" status, denied Plaintiffs' motion for attorney's fees without prejudice to refiling, and ordered additional briefing. *See* doc. 23 at PageID 330. The case is now again before the Court on the parties' additional briefing of the attorney's fee issue. *See* docs. 25, 26, 27.

**II.**

Under the "American Rule," parties are ordinarily responsible for their own attorney's fees. *See Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 247 (1975). Thus, there is "a

general practice of not awarding attorney's fees to a prevailing party absent explicit statutory authority." *Key Tronic Corp. v. United States*, 511 U.S. 809, 819 (1994). Congress, however, has decided to depart from the American Rule in more than 150 existing federal statutes, which include a fee-shifting provision predicated on some success by the party seeking a judicial award of fees. *See Ruckelshaus v. Sierra Club*, 463 U.S. 680, 684 (1983). These statutes contain varying language on the precise degree of success necessary for a fee award, including terms such as whether the claimant was the "prevailing party," the "substantially prevailing" party, or a "successful" party. *Id*.

RESPA -- the federal statute at issue in this case -- allows recovery of reasonable costs and attorney's fees following "any successful action" under the Act. 12 U.S.C. § 2605(f)(3). Courts have interpreted this language to permit reasonable attorney's fees to the "prevailing party." *See In re Nosek*, No. 02-46025 JBR, 2006 WL 2700792, at *3 (Bankr. D. Mass. Sept. 19, 2006). One is a "prevailing party" if there is some "material alteration of the legal relationship of the parties,"[1] and the material change is "judicially sanctioned."[2] *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 605 (2001). Here, a detailed analysis of these two elements

---

[1] A "material alteration of the legal relationship of the parties" exists where a party succeeded on a significant issue in the litigation and achieved some of the benefit that they sought in bringing suit. *Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983). Plaintiffs must then show that success on this issue "materially alters the legal relationship of the parties by modifying defendant's behavior in a way that directly benefits plaintiff[s]." *Keene v. Zeleman*, No. 2:06-cv-389, 2008 WL 2202011, at *2 (S.D. Ohio May 23, 2008) (citing *Farrar v. Hobby,* 506 U.S. 103, 111-12 (1992)). Damages obtained in any amount, whether compensatory or nominal, that modify defendant's behavior for a plaintiff's benefit qualify as a material alteration of the legal relationship of the parties. *See Farr*, 506 U.S. at 113. Here, Plaintiffs sought actual damages up to $2,000.00 plus attorney's fees and costs. Doc. 1 at PageID 7. The Court finds that the payment of $1,000 by Defendant to Plaintiffs -- even if deemed nominal or nuisance payment -- as well an agreement to pay attorney's fees in an amount to be determined by the Court, is sufficient to conclude that a material alteration of the legal relationship between the parties exists.[1] *See Raab v. City of Ocean City New Jersey,* No. 15-2127, --- F.3d ----, 2016 WL 4268940, at *3 (3d Cir. Aug. 15, 2016).

[2] In *Buckhannon,* the Court noted that judgments on the merits and settlement agreements enforced through a Consent Decree qualify as court-sanctioned changes. *Buckhannon*, 532 U.S. 598. However, the Court never stated these two actions were the only means by which a Court "judicially sanctions" a material change. *See Smyth ex rel. Smyth v. Rivero,* 282 F.3d 268, 281 (4th Cir. 2002). Here, Defendant argues that the settlement agreement has not been judicially sanctioned by the Court, citing *Kokkonen v. Guardian Life Ins. Co. of America,* 511 U.S. 375 (1994), wherein the Court held that the district court lacked the inherent authority to enforce a private settlement agreement following dismissal of the underlying federal litigation with prejudice. *Id*. at 381. Unlike *Kokkonen*, however, the parties here have not dismissed this action and, instead, part of the agreement between the parties included keeping the case pending for judicial resolution of the attorney's fee issue. *See* docs. 14, 15, 16.

is not required because: (1) Defendant originally conceded that Plaintiffs are "prevailing parties"; and (2) the settlement agreement at issue specifically entitles Plaintiffs to an award of attorney's fees, with the only remaining issue being the amount to be awarded. *See infra*.

As noted above, the Court previously ordered the parties to file supplemental briefing on the issue of whether Plaintiffs are prevailing parties. *See* doc. 23 at PageID 330. The Court did so because the parties did not address that issue in their original briefing. *See* docs. 17, 20, 22. In that Order, the undersigned noted that Defendant's failure to address such issue in their original briefing may amount to a waiver of any argument that Plaintiffs are not prevailing parties. *See* doc. 23 at PageID 239; *cf. Humphrey v. U.S. Attorney General's Office*, 279 F. App'x 328, 331 (6th Cir. 2008); *Resnick v. Patton*, 258 F. App'x 789, 793 n.1 (6th Cir. 2007). The undersigned finds that Defendant's failure to initially challenge Plaintiffs' prevailing party status essentially results in Defendant conceding such issue -- and results in the Court's authority to award reasonable fees. *Cf. Keene v. Zelman*, No. 2:06-cv389, 2008 WL 2202011, at *2 (S.D. Ohio May 23, 2008).

Further, the undersigned notes that, in their original motion, as well as their second motion for attorney's fees (docs. 17, 25), Plaintiffs state that Defendants agreed to pay attorney's fees, with the only outstanding issue being the final amount of those fees. *See* doc. 25 at PageID 334. In other words, the payment of some amount of reasonable attorney's fees was part of the settlement agreement. *Id*. Defendant, in both opposing the original motion and the second motion, does not contest that the agreement included an agreement to pay attorney's fees. See docs. 22, 26.

Courts have concluded that agreeing to pay attorney's fees as part of a settlement agreement in an amount to be determined by the Court, in and of itself, is sufficient for the Court's awarding of attorney's fees. *See Disabled Patriots of Am., Inc. v. HT West End, LLC*, No. 1:04-cv-3216-JEC, 2007 WL 789014, at *2 (N.D. Ga. Mar. 14, 2007) (finding the "prevailing party" inquiry satisfied where "the parties' Agreement specifically requires defendant to pay plaintiffs' 'attorney's fees'"); *cf. Fulmore v. Home Depot U.S.A.*, No. 1:03-cv-797-DFH-JMS, 2007 WL 2746882, at *2 (S.D. Ind.

Sept. 19, 2007) (finding the "prevailing party" status met where "the settlement agreements . . . expressly contemplated an appropriate attorney fee award"); *Small v. New York City Transit Auth.*, No. CV 2003-2139(SLT)(MDG), 2014 WL 1236619, at *3-4 (E.D.N.Y. Mar. 25, 2014). Accordingly, the only issue remaining for the Court's determination is the reasonable amount of fees to be awarded.

### III.

Plaintiffs seek fees in the amount of $14,346.35. *See* doc. 25 at PageID 340. To determine reasonable attorney's fees, "[i]t is well settled that the 'lodestar' approach is the proper method[.]" *Bldg. Serv. Local 47 Cleaning Contractors Pension Plan v. Grandview Raceway*, 46 F.3d 1392, 1401 (6th Cir. 1995) (citations omitted). "In applying the lodestar approach, '[t]he most useful starting point . . . is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate.'" *Id.* (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). A "strong presumption" exists "that this lodestar figure represents a reasonable fee." *Id.* (citations omitted).

Plaintiffs' counsel spent 65.7 hours representing Plaintiffs in this litigation. Doc. 25-2. Defendant originally argued that Plaintiffs' counsel should not be entitled to recover for all of that time expended because Plaintiffs' counsel delayed resolution of this case. *See* doc. 20 at PageID 292-93. The undersigned rejected Defendant's contention in this regard, finding that a substantial amount of the time billed by Plaintiffs' attorneys was for preparing a memorandum in opposition to Defendant's motion to dismiss, and because the Court's review of the record and the timesheets submitted revealed no "bad faith tactics, or . . . any indefensible judgments about how to proceed in their case, which unduly multiplied proceedings and their cost." *See* doc. 23 at PageID 329 (citing *Wells v. Corp. Accounts Receivable*, 683 F. Supp. 2d 600, 602 (W.D. Mich. 2010)). The undersigned reaffirms such finding here, but finds it inappropriate to award attorney's fees to Plaintiffs arising from the additional briefing ordered by the Court because such issues should have been addressed without prompting by the Court.

5

With regard to the hourly rate, the Court continues to have concerns about the reasonableness of the hourly rates requested by Plaintiffs' attorneys. As noted in the undersigned's previous Order, the timesheet submitted in conjunction with the motion for attorneys' fees shows that Attorney Doucet billed at hourly rates of $295 and $365 per hour. *See* doc. 17-3 at PageID 105-07; doc. 25-1 at PageID 358-365. However, the fee agreement presented to the Court represents that Mr. Doucet's agreed hourly rate with Plaintiffs was $195. *See* doc. 17-2 at PageID 96; doc. 25-1 at PageID 350. Further, if Mr. Doucet's hourly rate was $195, the Court also has concerns about the reasonableness of Mr. Snyder's $225 hourly rate in light of his experience in comparison to that of Mr. Doucet. *See* doc. 17-4 at PageID 112-14.

Although such concern was previously noted by the Court, Plaintiffs' counsel did not address such concern in the supplemental briefing. *See* doc. 25. Absent further explanation by Plaintiffs' counsel regarding the reasonableness of the fee sought in light of the conflicting fee noted in the fee agreement between Plaintiffs and counsel, the undersigned reduces the hourly rates of both Mr. Doucet and Mr. Snyder to $195 per hour, which results in a total attorney fee award of $12,811.50.

### IV.

For the foregoing reasons, Plaintiffs' motion for an award of attorneys' fees (doc. 25) is **GRANTED**. Plaintiffs are **AWARDED** the total sum of $12,811.50. Noting that the claims in this case are settled, a Conditional Order of Dismissal will be docketed by separate entry terminating this case on the Court's docket.

**IT IS SO ORDERED**.

Date:  October 12, 2016                           *s/ Michael J. Newman*
                                                                Michael J. Newman
                                                                United States Magistrate Judge